UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN CIVIL LIBERTIES
UNION OF MICHIGAN,

        Plaintiff,

v.

U.S. DEPARTMENT OF
HOMELAND SECURITY, *et al.*,

        Defendants.
_____/

Civil Action No.: 17-11149
Honorable Judith E. Levy
Magistrate Judge Elizabeth A. Stafford

## NOTICE TO APPEAR FOR SETTLEMENT CONFERENCE

**TAKE NOTICE** that the above-entitled matter has been scheduled for settlement proceedings on **TUESDAY, JULY 9, 2019 at 10:00 AM** before Magistrate Judge Elizabeth A. Stafford, at Theodore Levin Courthouse, 231 W. Lafayette Boulevard, Detroit, MI 48226 in courtroom 642.  **The parties must strictly comply with the following four requirements**:

    **FIRST**: At least fourteen days before the settlement conference, counsel for each party shall **meet and confer in good faith** and: (a) discuss each remaining cause of action, and the remedies available under each of those causes of action; (b) exchange good-faith and realistic offers to settle; and (c) shall explain to each other why their demand or offer is reasonable. Each party who rejects a demand or offer shall explain to opposing counsel the reasons for the rejection. **By the time of the settlement conference, each party must have made a good faith offer of settlement.**

**SECOND:** Seven days before the settlement conference, each party shall submit by hand, fax or email **(efile_stafford@mied.uscourts.gov)** a confidential, **ex-parte settlement statement** directly to the chambers of the Honorable Elizabeth A. Stafford, United States Magistrate Judge.  DO NOT FILE THESE STATEMENTS WITH THE COURT.  The statements shall be limited to ten pages <u>with exhibits that total no more than ten pages</u>, and shall include the following **clearly marked sections**:

  a. A brief description of the background and nature of the case;
  b. The party's perceived strengths;
  c. The party's perceived weaknesses;
  d. A statement identifying each cause of action at issue, and the remedies available under each of those causes of action;
  e. A summary of all settlement discussions that have taken place to date, including the **specific amount** of any offers and counter-offers that have been made;
  f. The **specific amount** of the party's opening offer or demand **to be shared with the opposing party to initiate settlement negotiations**.[1]

**THIRD:** Attorneys **must prepare** their clients for the settlement conference as directed on the **attached Attorney Settlement Conference Preparation.**  At the settlement conference, the parties and their attorneys are expected to conduct themselves in a business-like manner and to negotiate in good faith.

**FOURTH: Individuals with full settlement authority shall be personally present at settlement conferences**.  For the plaintiff(s), "full settlement authority" means the authority to dismiss the complaint with prejudice in exchange for a settlement.  For the defendant(s), "full settlement authority" is defined as the full relief requested in the lawsuit and/or the relief requested by the last settlement demand. If an insurance company agent holds the full settlement authority, such agent must be present at the conference.  **If a party appears at the conference with authority to settle for only less than full settlement authority, the conference will be rescheduled.**

---

[1] Because the opening offers and demands are used to initiate settlement negotiations, they are not treated as confidential.

Dated: April 30, 2019          s/Elizabeth A. Stafford  
                                          ELIZABETH A. STAFFORD  
                                          United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date a copy of the foregoing notice was served upon the parties and/or counsel of record herein by electronic means or first class U.S. mail.

Dated: April 30, 2019          s/Marlena Williams  
                                          MARLENA WILLIAMS  
                                          Case Manager